Filed 2/29/16  P. v. Vount CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C079082 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF072760, CRF086110, CRF090986, & CRF106123) |
| v. | |
| GEORGE VERN YOUNT, | |
| Defendant and Appellant. | |

Defendant George Vern Yount appeals from the trial court's order partially denying his petitions for resentencing.  (Pen. Code, § 1170.18.)  He contends he was entitled to resentencing on his convictions for transportation of a controlled substance. (Former Health & Saf. Code, §§ 11352, 11379.)[1]  We affirm.

---

[1]  Undesignated statutory references are to the Health and Safety Code.

1

BACKGROUND

We omit the facts of defendant's crimes as they are unnecessary to resolve this appeal.

Defendant was convicted of transportation of a controlled substance (former § 11352), possession of a controlled substance (former § 11350), possession of drug paraphernalia (§ 11364), and unauthorized possession of a hypodermic syringe (former Bus. & Prof. Code, § 4140) in case No. CRF072760. In case No. CRF086110, he was convicted of possession of a controlled substance. (Former § 11377, subd. (a).) Defendant was convicted of two counts of transportation of a controlled substance (former §§ 11379, subd. (a), 11352, subd. (a)), and single counts of possession of a controlled substance (former § 11350, subd. (a)), and possession of drug paraphernalia (former § 11364, subd. (a)), along with a prior drug conviction (§ 11370.2, subd. (a)) and five prior prison terms (Pen. Code, § 667.5, subd. (b)) in case No. CRF090986. On April 15, 2011, defendant was convicted of transportation of a controlled substance (former § 11379) with a prior drug conviction in case No. CRF106123. On that same day, he was sentenced a total of 17 years to state prison for all his current convictions.

This court affirmed defendant's convictions in case Nos. CRF090986, CRF086110, and CRF072760 in an unpublished opinion on March 7, 2011. (*People v. Yount* (Mar. 7, 2011, C064074).) The California Supreme Court denied his petition for review on May 11, 2011. (*People v. Yount* (May 11, 2011, S192062).) Defendant did not appeal case No. CRF106123.

Defendant subsequently filed several Penal Code section 1170.18 petitions seeking resentencing on the possession and transportation convictions, which the trial court granted as to the possession convictions and denied as to the transportation convictions. The trial court resentenced defendant to a total term of 13 years 4 months in state prison.

2

DISCUSSION

Defendant contends the trial court erred in failing to change his convictions for transporting a controlled substance to misdemeanor possession of a controlled substance because he did not transport the drugs with an intent to sell them. We disagree.

Defendant collaterally attacked his convictions in the trial court through a petition brought pursuant Penal Code section 1170.18, which was enacted as part of Proposition 47. (See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.) Subdivision (a) of section 1770.18 of the Penal Code states: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." While the statutes defining the crime of transportation of a controlled substance contains a requirement that the transportation be for the purpose of sale (see §§ 11379, subd. (c), 11352, subd. (c)), these changes were enacted by the Legislature (Stats. 2014, ch. 504, § 7, 8) rather than through Proposition 47. The transportation offenses are not one of the crimes subject to the redesignation and resentencing procedure set forth in Penal Code section 1170.18.

Defendant argues that the Legislature's changes to the transportation statutes should apply retroactively to him. The legislative amendment to Health and Safety Code sections 11352 and 11379 did not include an explicit savings clause prohibiting retroactive application of the amended statutory language, nor is there any other indication of "clear legislative intent" that the amended statutory language is only to be applied prospectively. (*People v. Rossi* (1976) 18 Cal.3d 295, 299.) Because the amendment benefits a defendant by eliminating criminal liability for drug transportation

3

in cases involving possession for personal use, it must be applied retroactively to any case in which the judgment was not final when the amendment occurred. (See *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*).)

Defendant did not appeal his April 15, 2011, conviction in case No. CRF106123, and the California Supreme Court denied the petition for review for his convictions in the remaining cases on May 11, 2011. His convictions were therefore final well before the Legislature amended the transportation offenses.

Defendant notes that *Estrada* does not bar retroactive application to final judgments of conviction when the Legislature intends for the change to apply retroactively. (See *People v. Flores* (1979) 92 Cal.App.3d 461, 472-473.) He additionally points out that retroactive application is not an issue when the legislative amendment merely clarifies existing law. (See *Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922 (*Carter*) ["[a] statute that merely clarifies, rather than changes, existing law is properly applied to transactions predating its enactment"].) Asserting that the legislative history of the bill's changes to the transportation statutes shows that the bill was intended to merely clarify existing law, defendant concludes the changes to the transportation offenses should apply to his convictions.

In *People v. Rogers* (1971) 5 Cal.3d 129, our Supreme Court held that the offense of transportation of marijuana (former § 11531) did not require "a specific intent to transport contraband for the purpose of sale or distribution, rather than personal use." (*Rogers*, at pp. 132, 134.) As the court explained, "Neither the word 'transport,' the defining terms 'carry,' 'convey,' or 'conceal,' nor [former] section 11531 read in its entirety, suggests that the offense is limited to a particular purpose or purposes. [¶] [N]othing in that section exempts transportation . . . of marijuana for personal use. Had the Legislature sought to restrict the offense of transportation to situations involving sale or distribution, it could easily have so provided." (*Id.* at pp. 134-135.) Up until the recent changes to the transportation statutes, it remained the law in California that the

illegal transportation of controlled substances did not require the transportation to be for purposes of sale. (*People v. Eastman* (1993) 13 Cal.App.4th 668, 674-677.)

The " 'interpretation of a statute is an exercise of the judicial power the Constitution assigns to the courts' " and "[w]hen [the California Supreme Court] 'finally and definitively' interprets a statute, the Legislature does not have the power to then state that a later amendment merely declared existing law. [Citation.]" (*Carter, supra*, 38 Cal.4th at p. 922.) Any legislative intent is irrelevant to the question of whether an amendment changes or clarifies the law. In *Rogers*, the Supreme Court held that transportation of a controlled substance did not have a requirement that the transportation be intended for sale. The Legislature did not clarify that decision when it added the for sale requirement, it legislatively overruled *Rogers*.

Since defendant's convictions were final before the Legislature added the sale requirement to sections 11352 and 11379, and those changes did not merely clarify existing law, the new definition of transportation did not apply to his convictions under those statutes.

DISPOSITION

The judgment is affirmed.

/s/_____

Blease, Acting P. J.

We concur:

/s/_____

Robie, J.

/s/_____

Hoch, J.

5